# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the Personal Restraint of:

JUDE MARTIN LINAREZ,

                              Petitioner.

No. 54596-9-II

UNPUBLISHED OPINION

LEE, J. — Jude M. Linarez argues that he is entitled to a resentencing hearing because he was 24 years old at the time he committed his crimes and his youthfulness was never considered when imposing his sentence, which included multiple mandatory firearm sentencing enhancements. Linarez argues this petition is not time barred because it is based on a significant, material, retroactive change in the law. Because Linarez's petition is time barred, it must be dismissed.

## FACTS

On March 24, 2009, a jury found Linarez guilty of first degree assault with a firearm sentencing enhancement, second degree assault with a firearm sentencing enhancement, first degree robbery with a firearm sentencing enhancement, first degree burglary with a firearm sentencing enhancement, and second degree unlawful possession of a firearm. Linarez was 24 years old at the time he committed the crimes. Linarez received a standard range base sentence of 178 months plus 216 months for firearm sentencing enhancements for a total of 394 months' confinement. We affirmed Linarez's sentence on direct appeal (No. 39098-1-II). *State v. Linarez*,

noted at 158 Wn. App. 1053 (2010). That opinion was mandated on April 7, 2011. Mandate, *State v. Linarez*, No. 39098-1-II (Wash. Ct. App. Apr. 7, 2011).

On May 13, 2020, Linarez filed the current personal restraint petition.

ANALYSIS[1]

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Linarez's judgment and sentence became final on April 7, 2011, when this court mandated his direct appeal. RCW 10.73.090(3)(b). Linarez did not file this petition until 2020, well over one year later. Thus, Linarez's petition is time barred unless he shows that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction. RCW 10.73.090(1). Alternatively, Linarez must show that his petition is based solely on one of the enumerated exceptions to the time bar in RCW 10.73.100.

Linarez argues that his petition is not time barred because the exception for a significant, material, retroactive change in the law applies to his petition.

RCW 10.73.100(6) provides that the time bar in RCW 10.73.090(1) does not apply to a petition when:

> There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceedings instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

---

[1] Linarez filed an amended petition. This opinion addresses only the arguments raised in the amended petition and not the arguments raised in the initial petition but abandoned in the amended petition.

Linarez relies on *In re Pers. Restraint of Monschke*[2] to argue there has been a significant, material, retroactive change in the law. However, *Monschke* is not material to Linarez because Linarez was not convicted of aggravated first degree murder under RCW 10.95.020 nor sentenced to mandatory life without parole for aggravated first degree murder under RCW 10.95.030. *See In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 24, 513 P.3d 769 (2022) (holding that *Monschke* was not material to petitioner's sentence because petitioner was neither convicted of aggravated first degree murder under RCW 10.95.020 nor sentenced to mandatory life without parole under RCW 10.95.030); *In re Pers. Restraint of Davis*, 200 Wn.2d 75, 83-84, 514 P.3d 653 (2022) (same). Moreover, *Monschke* is not material to Linarez because Linarez was over 20 years old at the time of his offense. *Davis*, 200 Wn.2d at 84 (holding *Monschke* was not material to petitioner because petitioner was outside the applicable age range governed by *Monschke*: 18, 19, and 20 years old). Thus, Linarez has failed to show that his petition is based on a significant, material, retroactive change in the law.

Because Linarez has failed to show that his petition is based on a significant, material, retroactive change in the law, Linarez's petition is time barred. Accordingly, Linarez's petition must be dismissed.

---

[2] 197 Wn.2d 305, 482 P.3d 276 (2021).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, A.C.J.

Price, J.